UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

5:21-mc-71

| | |
|---|---|
| IN RE: ) | FILED |
| ) | U.S. DISTRICT COURT |
| REVISED PROCEDURES FOR THE ) | DISTRICT OF VERMONT |
| FILING, SERVICE, AND ) | APRIL 26, 2021 |
| MANAGEMENT OF HIGHLY ) | |
| SENSITIVE DOCUMENTS | |

### GENERAL ORDER NO. 97

**This General Order revises and supersedes General Order No. 95 governing the procedures for the filing, service and management of highly sensitive documents.**

**WHEREAS**, in response to recent disclosures of wide-spread breaches of both private sector and government computer systems, federal courts are immediately adding new security procedures to protect highly sensitive documents filed with the courts;

**THE COURT FINDS** that, pursuant to Civil Rule 5(d)(3)(A) and Criminal Rule 49(b)(3)(A), good cause exists to require all parties to file certain highly sensitive documents outside of the court's electronic filing system.

**THERERFORE, IT IS HEREBY ORDERED** that, effective as of the date of this order and until such time as the court orders otherwise, the filing of certain highly sensitive documents shall be subject to the procedures and requirements set forth below. This General Order supersedes any and all inconsistent provisions in existing local rules or other general orders of this court.

1. **Documents Subject to this Order**
    a. **Authorized HSDs:** The following types of documents are deemed highly sensitive documents (HSDs): Applications and orders related to electronic surveillance under 18 U.S.C. § 2518 (interception of wire, oral, and electronic communications). Such documents, and any related documents filed in the case while it is sealed, shall be considered authorized HSDs. A party seeking to file an authorized HSD need not make a motion to treat a document as an HSD.
    b. **Documents That May be Considered HSDs:** Other documents in cases which involve matters of national security, foreign sovereign interests, or cybersecurity; highly sensitive domestic or international issues; the involvement of public officials; intellectual property, trade secrets, or other highly sensitive commercial issues; or the reputational interests of the United States may be considered HSDs if they contain highly sensitive information. A party seeking that a document be

<ol>
<li style="list-style: none">
<ol type="a" start="2">
<li>treated as an HSD shall make a motion to the presiding judge (or chief judge if the case has not yet been assigned) requesting that the document be treated as an HSD.</li>
<li>**Documents That Are Generally Not HSDs:** The following types of documents generally are not considered HSDs: Search warrants, pen registers and trap and trace orders, presentence reports, pretrial release reports, pleadings related to cooperation in most criminal cases, social security records, administrative immigration records, and sealed filings in many civil cases.</li>
<li>Any dispute as to whether a document is an HSD shall be resolved by the presiding judge or, when no presiding judge is assigned, the chief judge.</li>
</ol>
</li>
</ol>

2. **Filing of Authorized HSDs**
   a. A party filing an authorized HSD pursuant to this Order shall submit to the clerk's office two paper copies of the authorized HSD, the certificate of service, and any additional necessary copies to be conformed by the clerk's office.
   b. The required documents shall be submitted to the clerk's office unfolded and in a sealed envelope marked "HIGHLY SENSITIVE DOCUMENT." The outside of the envelope shall include the case number, if applicable, and the presiding judge or, if one is not assigned, the chief judge.
   c. The filing party shall serve the authorized HSD on the other parties as follows:
      i. Civil cases - by any manner specified in Fed. R. Civ. P. 5(b)(2) except for service via any electronic means under Civil Rule 5(b)(2)(E); or
      ii. Criminal cases - by any manner specified in Fed. R. Crim. P. 49 (a)(4).
   d. The clerk's office will make an informational docket entry in the court's electronic filing system indicating that the authorized HSD was filed with the court and will maintain the HSD in a secure paper filing system.

3. **Filing of Motions to Treat a Document as an HSD**
   a. Represented parties and Government
      i. Unless deemed an authorized HSD pursuant to Section 1.a. of this Order, a represented party, including the Government, shall file a motion to treat a document as an HSD on the court's electronic filing system. Please note: <u>a copy of the proposed HSD shall not be filed electronically</u>.
      The party seeking to file a document as an HSD shall deliver two paper copies of the following documents, packaged as specified in paragraph 2.b., directly to the clerk's office, without electronically filing the same:
         a. original document to be sealed;
         b. a supporting affidavit or, if appropriate, a memorandum of law, setting forth the reasons as to why the document should be treated as an HSD as described in paragraph 1.b. or why it should otherwise be subject to the heightened protection for HSDs; and
         c. a proposed order granting the motion to file the document as an HSD;
         d. a certificate of service.
      ii. The filing party shall serve the proposed HSD on the other parties as specified in paragraph 2.c.

      iii. The court will issue an order on the motion and, if granted, an informational entry will be made on the case docket indicating that the HSD has been filed with the court.

  b. Pro se parties

      i. Pro se parties shall submit to the clerk's office for filing a motion to treat a document as an HSD, the HSD sought to be filed, and a certificate of service. These documents should be packaged as specified in paragraph 2.b.

      ii. The filing party shall serve the proposed HSD on the other parties as specified in paragraph 2.c.

      iii. The court will issue an order on the motion and, if granted, an informational entry will be made on the case docket indicating that the HSD has been filed with the court.

4. **Service of Highly Sensitive Court Orders**
If the court grants an application to treat a document as an HSD, the clerk's office shall serve paper copies of the order on the parties via mail.

5. **Retention of HSDs**
The court shall maintain all HSDs in a secure paper filing system in accordance with the [judiciary policy for records disposition](#). If the court denies an application for a document to be treated as an HSD, the document will be returned to the filer.

6. **Removal of Existing HSDs or Highly Sensitive Cases from the Court's Electronic Filing System**
   a. Upon motion of a party to the presiding judge or upon the court's own motion, the court may determine that a document, case, or any portion of it, that has been filed electronically is highly sensitive and direct that the HSD or case be removed from the court's electronic filing system and maintained by the clerk's office in a secure paper filing system.
   b. A party's motion to remove an HSD or highly sensitive case from the court's electronic filing system shall explain why such document or case is highly sensitive as described in paragraph 1.a. or 1.b. above, or why it should otherwise be subject to the heightened protection for HSDs.

7. **Return of an HSD document to CM/ECF**
HSDs such as applications for electronic surveillance under 18 U.S.C. § 2518, and all related documents, will become public in the same manner as documents previously subject to sealing on CM/ECF. A party may file a motion seeking to end or extend HSD status. A motion to apply HSD status to a filing not routinely identified as HSD shall describe the event which will bring that status to an end.

8. **Questions about HSD Filing Procedures**
Any questions about how an HSD should be filed with the court pursuant to this General Order should be directed to the clerk's office at (802) 951-6301.

**So Ordered.**

Dated at Burlington, within the District of Vermont, this 26th day of April, 2021.

_____
Geoffrey W. Crawford
Chief United States District Judge